IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONA BERN,

                Plaintiff,                    OPINION AND ORDER

    v.

                                       10-cv-451-slc[1]

DR. CHRISTOPHER OLSEN,

                Defendant.

---

In this is a proposed civil action, plaintiff Rona Bern alleges defendant Dr. Christopher Olsen discriminated against her because of her disability. Bern asks for leave to proceed *in forma pauperis* and has supported her request with an affidavit of indigency. The standard for determining whether Bern qualifies for indigent status is the following:

- From Bern's annual gross income, the court subtracts $3700 for each dependent excluding Bern.
- If the balance is less than $16,000, Bern may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, Bern must prepay half the fees and costs.
- If the balance is greater than $32,000, Bern must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In her affidavit of indigency, Bern says that she earns $410 a month, has no dependents and received $2,500 from temporary employment. Her annual income of $7,420 is below the

---

[1]For the purpose of issuing this order, Judge William M. Conley acts for the court.

1

threshold to qualify for indigent status.  Therefore, Bern can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  However, because Bern is requesting leave to proceed without prepayment of costs, her complaint must be screened by the court and dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

ALLEGATIONS OF FACT

Plaintiff Rona Bern is an adult resident of Madison, Wisconsin.  Dr. Christopher Olsen is the Dean of Academic Affairs. (Plaintiff does not say where he is the dean.)

On February 23, 2010, the Veterinary School Appeals Committee upheld a previous decision not to reinstate Bern.  It decided that no procedures in her previous appeal were in violation of school policy and discounted evidence of a documented learning disability.

Bern was denied accommodations for testing in the school year 2009-2010, even though she had a documented learning disability and had accommodations for the previous two school years.  Defendant Olsen stated that Bern did not have a disability and provided false statements to the appeals committee.

Bern also alleges the following:

> Dr. Olsen attempts to bring me up on academic misconduct charges.  He diagnoses a 3d learning disability (I have never

>been diagnosed with this disorder) and states that I am a danger to clients and patients.  He states that my having corrected vision (reading glasses) poses a danger to clients and patients.  He files an academic misconduct charge with the Provost's Office and asks for my expulsion.  The Provost's Office finds false allegations within the charge and states that Dr. Olsen has lied within the statement.  I am placed on academic probation for the one true allegation.

OPINION

Bern's allegations suggest that she is attempting to bring a claim under the Americans with Disabilities Act, which prohibits discrimination against qualified persons with disabilities.  An individual has a disability under the Americans with Disabilities Act if she has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual . . .".  42 U.S.C. § 12102(2)(A).  Title II of the Act prohibits public entities from excluding qualified persons with disabilities "from participation in or be[ing] denied the benefits of the services, programs or activities offered by the public entity" and from discriminating against them.  42 U.S.C. § 12132.  "Public entity" includes any department, agency or instrumentality of a state or local government.  42 U.S.C. § 12131(1)(B).  Unfortunately, a review of plaintiff's complaint shows that she cannot proceed at this time because her complaint does not include enough information.  Under Fed. R. Civ. P. 8, a complaint must include a short and plain statement showing that the plaintiff is entitled to relief.  Bern's complaint is relatively short, but it does not describes her claims plainly or show that she is entitled to relief.

If Bern wishes to proceed in this court on a claim of disability discrimination, she will

have to file an amended complaint that gives adequate notice of her claim, using allegations that are specific enough to raise each claim above the level of speculation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Riley v. Vilsack*, 09-cv-308-bbc, — F. Supp. 2d — , 2009 WL 3416255, *8 (W.D. Wis. Oct. 21, 2009). In its current form, Bern's complaint is written as if the reader is already fully aware of her dispute. That was a mistake.

In redrafting her complaint, Bern should view the exercise as telling a story to people who know *nothing* about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for Bern's claims?
- What did defendant Olsen do that makes him liable for violating Bern's rights?
- How was Bern injured by Olsen's conduct?

Specifically, Bern should identify Dr. Olsen's employer and the actions Olsen took that discriminated against her because of her disability. Although I am inferring Bern is or was enrolled in the University of Wisconsin Veterinary School in Madison, Wisconsin and that Olsen was the Dean of Academic Affairs at that school, those allegations are not in her complaint. Bern alleges both that she wants to be reinstated and that she is on academic probation. These allegations appear to be contradictory. Bern needs to tell the court if she presently enrolled in the veterinary school.

In addition, Bern needs to explain why she thinks defendant Olsen violated her rights. She should answer the following questions.

- What is her disability?

- What reasonable accommodation should have been provided by defendant Olsen for her disability?

- How did Olsen fail to provide the accommodation?

Bern will have until November 1, 2010, to file an amended complaint that complies with Rule 8. If she does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However, if she fails to respond to this order to this order by November 1, the case will be closed.

ORDER

IT IS ORDERED that plaintiff Rona Bern's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Bern may have until November 1, 2010, in which to file an amended complaint that complies with Fed. R. Civ. P. 8. If Bern fails to file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 4th of October, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge